UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
FEB 0 9 2011
CLERK

| | |
|---|---|
| DALE L. GERANEN,<br>Plaintiff, | Civ. 10-1003 |
| -vs- | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration. | |

Plaintiff Dale L. Geranen (hereinafter "Claimant") brought this action pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g), to obtain judicial review of Defendant's final decision denying his claim. The matter was referred to the undersigned United States Magistrate Judge who now submits the following report and recommends that the District Court affirm Defendant's denial of benefits.

The Appeals Council denied Claimant's request for review, thus, the Administrative Law Judge's decision became the final decision of the Commissioner of Social Security. AR[1] 1. The Administrative Law Judge issued a well reasoned, thorough twelve-page Decision. AR 65-76.

The decision of the ALJ will be upheld if it is supported by substantial evidence as a whole. Kluesner v. Astrue, 607 F.3d 533, 536 (8th Cir. 2010). The Court will not reverse the decision of the ALJ even if substantial evidence could have been marshaled in support of a different outcome. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010)

Kluesner also reviews the five-step sequential evaluation used by the ALJ. First, ALJ must first determine if Claimant is engaged in gainful activity; if so, the

---

[1]Administrative Record

claimant is not disabled. Second, the ALJ must determine if Claimant has a severe medical impairment that has lasted, or is expected to last, at least 12 months. Third, the ALJ must consider the severity of the impairment and, specifically, whether it meets or equals one of the listed impairments.  The fourth step is to determine whether Claimant has the residual functional capacity to do past relevant work. Finally, the ALJ must determine if Claimant can perform other jobs in the economy; if so, Claimant is not disabled.

The ALJ properly used the five-step sequential evaluation in reaching his decision and fully explained its application to this case. AR 66-67.  The findings of the ALJ are supported by substantial evidence.

### Step one

Claimant has not engaged in substantial gainful activity since September 10, 2007.[2] AR 67.  This finding is supported by Exhibits 3D-5D.

### Step two

Claimant is severely impaired because of a longstanding experience of seizures. AR 67.  The ALJ rejected a claim of impair from a knee problem and a claim of mental impairment. The ALJ reviewed, at length, the results of a neuropsychological evaluation completed by Dr. James A. Dickerson (AR 68-70) and contrasted Dr. Dickerson's findings with testimony presented at the hearing and other medical records.  The ALJ was entitled to determine the amount of weight to be given to Dr. Dickerson's opinion considering the other evidence. See, Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007).

Significantly, the ALJ noted that there was "no mention of [significant knee or mental impairment] in the medical record prior to the hearing." AR 70.  Further, the

---

[2]The ALJ made more detailed findings related to each step in the sequential evaluation; only brief summaries are contained in this report.

report of Dr. James A. Dickerson was based on an evaluation conducted **after** the hearing.[3]

Substantial evidence supports the ALJ's findings regarding Claimant's impairment from seizures.  Substantial evidence also supports the ALJ's rejection of the claims based on a knee problem and on a mental impairment.

## Step three

Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. AR 70.

## Step four

The ALJ determined Claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with nonexertional limitations.  The limitations are related to Claimant's seizure disorder.[4] AR 70. Like the other findings made by the ALJ, this finding was based on a thorough analysis of the medical evidence and the testimony presented at the hearing.  "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005).

Again, substantial evidence supports the ALJ's findings

## Step five

Claimant is unable to perform any past relevant work, however, jobs exist in significant numbers in the regional or national economy that Claimant can perform.

---

[3]The hearing was held on March 11, 2009; the date of Dr. Dickerson's evaluation was March 19, 2009.  AR 555.

[4]Claims of impairments based on a knee problem and mental issues had previously been rejected by the ALJ and did not form the basis of the ALJ's findings at Step four or Step five.

The ALJ posed a proper hypothetical to the vocational expert, Dr. William D. Tucker. The hypothetical was based, in part, on Claimant's seizure disorder but did not include alleged impairments related to Claimant's knee or mental disorder. Because the parameters of the hypothetical included the impairment accepted by the ALJ, and supported by the record, the hypothetical was appropriate. Long v. Chater, 108 F.3d 185, 188 (8th Cir. 1997).

The ALJ property posed the hypothetical and the ALJ's findings are supported by substantial evidence.

For the reasons set forth above, this Court recommends that the District Court determine:

1.   The Decision of the Administrative Law Judge be determined to be supported by substantial evidence; and

2.   The Decision of the Administrative Law Judge be affirmed.

Dated February 8, 2011 at Aberdeen, South Dakota.

William D. Gerdes
US Magistrate Judge

### NOTICE

**Failure to file written objections to the within and foregoing Report and Recommendations for Disposition within fourteen (14) days from the date of service shall bar an aggrieved party from attacking such Report and Recommendations before the assigned United States District Judge. See 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).**