UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

**FILED**

JUL 14 2011

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DALE L. GERANEN, | CIV 10-1003 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION<br>ON MOTION FOR ATTORNEY FEES |
| MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of defendant's final decision denying plaintiff's claims for social security disability ("SSD") and supplemental security income ("SSI") benefits. The matter was referred to a United States Magistrate Judge who issued a one page report and recommendation to affirm the Commissioner. I rejected the report and recommendation, finding that there was no substantial evidence in the record as a whole to support the denial of benefits. This decision of the Commissioner was reversed and the matter was remanded to the Commissioner. Plaintiff thereafter filed a motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Section 204(d) of the EAJA provides, in part, that "a court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." Astrue v. Ratliff, ____ U.S. ___, ___, 130 S.Ct. 2541, 2524 (2010), (*quoting* 28 U.S.C. § 2412(d)). Plaintiff's eligibility for a fee award requires: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be

supported by an itemized statement." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990).

The government resists plaintiff's application for EAJA fees, contending that the Commissioner's position was substantially justified. The phrase "substantially justified" means "justified to a degree that could satisfy a reasonable person," which is equivalent to the "reasonable basis both in law and fact" formulation. Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). "The government bears the burden of showing that its position was substantially justified." Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008).

The government contends that the fact that the magistrate recommended affirming the Commissioner's decision denying Social Security benefits to the plaintiff is evidence that reasonable minds disagreed and the government's position was substantially justified. I disagree. This matter was reversed and remanded because there was no substantial evidence in the record as a whole to support the ALJ's conclusion that plaintiff's seizure disorder was controlled and therefore not disabling, to support the ALJ's rejection of a medical opinion that plaintiff's seizures or side effects from anti-seizure medication affect plaintiff's memory or intellectual functioning, and to support the ALJ's opinion at step 3 that plaintiff does not have an impairment or combination of impairments that meets or equals a presumptively disabling impairment listed in the regulations. The decision of the Commissioner was not well founded in fact and was therefore not substantially justified. *See* Lauer v. Barnhart, 321 F.3d 762, 765 (8th Cir. 2003) ("A position which lacks any evidence in its support is no more well founded in fact than a position that ignores overwhelming adverse evidence.").

I reject the assertion that the magistrate judge's recommendation compels a contrary result. "The most powerful indicator of the reasonableness of an ultimately rejected position is a decision on the merits and the rationale which supports that decision." Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995). My conclusion that there was no substantial evidence in the record as a whole to support the Commissioner's decision denying benefits counsels strongly against the conclusion that there was substantial justification for the Commissioner's decision. *Id. (Citing* Thomas v. Peterson, 841 F.2d 332, 336 (9th Cir. 1988) for

2

the proposition that there was no substantial justification despite divergent views of the district court and the Court of Appeals).

The Commissioner did not otherwise object to the extent of the fees requested by plaintiff. The statutory ceiling for an EAJA fee award is $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Counsel for plaintiff calculated her fee request based upon $167 per hour but cut her hours by 50%. The government did not object to the amount of the fee request or the contention that a fee calculated at $167 per hour is justified in this case.

Now, therefore,

IT IS ORDERED:

1. The plaintiff's motion, Doc. 24, for attorney fees and costs is granted.

2. Fees in the amount of $11,623.20 and expenses in the amount of $697.39 are awarded to plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Dated this _14th_ day of July, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
(SEAL)

3